No. 25,286.

V. A. FRITTS, *Appellant,* v. JOE REIDEL, NICK ALBERS et al.,
*Appellees.*

SYLLABUS BY THE COURT.

FRAUD—*Redelivery Bond—Fraudulent Representations Inducing Execution— Effect.* Fraudulent representations inducing execution of a redelivery bond considered, and held to be equivalent to representations relating to the contents of a written instrument.

Appeal from Sheridan district court; CHARLES I. SPARKS, judge.   Opinion filed March 7, 1925.   Affirmed.

*John R. Parsons,* of Wakeeney, for the appellant.
*W. H. Clark,* of Hoxie, for appellee Nick Albers.

The opinion of the court was delivered by

BURCH, J.:   The action was one to recover on a redelivery bond given in an attachment proceeding.   Plaintiff was defeated, and appeals.

The plaintiff in this action was plaintiff in the attachment suit,

and Reidel was defendant. The answer of Albers, the surety on the bond, was that plaintiff's attorney suggested Reidel could give a redelivery bond and Albers could sign it. The nature and effect of the proposed bond were stated by the attorney, and on his representations Albers consented to become surety. The attorney then wrote the bond, which differed materially from the representations, and was in fact a statutory forthcoming bond. Albers is not able to read English script, and wanted to take the bond to his wife to be read to him; but the attorney objected, and repeated his statements concerning the nature and effect of the bond. Thereupon Albers signed, believing the bond to be as represented. The answer contained all formal allegations necessary to the defense that execution of the bond was procured by fradulent representations. The jury returned a general verdict for Albers. The evidence is not abstracted, and presumably all allegations of the petition were sustained by the evidence.

The jury returned special findings of fact fully establishing the defense of fraud. It is argued the attorney merely gave his opinion respecting legal consequences of signing the bond. Before the bond was written, and as an inducement to its execution, the attorney stated what its nature and effect would be. Having done that, he was bound to prepare a bond of that nature and effect, and his représentations were the equivalent of representations relating to the contents of a written instrument. An objection to the form of the interrogatories propounded to the jury is not well taken.

The judgment of the district court is affirmed.